BLACK STAR LINE, INC., and Another, Respondents, *v.* BALTICA INSURANCE COMPANY, LTD., Appellant.

BLACK STAR LINE, INC., and Another, Respondents, *v.* THE EAGLE STAR AND BRITISH DOMINIONS INSURANCE COMPANY, LTD., Appellant.

BLACK STAR LINE, INC., and Another, Respondents, *v.* THE MARINE INSURANCE COMPANY, LTD., Appellant.

BLACK STAR LINE, INC., and Another, Respondents, *v.* THE NORTHERN ASSURANCE COMPANY, LTD., Appellant.

BLACK STAR LINE, INC., and Another, Respondents, *v.* CITY OF NEW YORK INSURANCE COMPANY, Appellant.

BLACK STAR LINE, INC., and Another, Respondents, *v.* THE INDEMNITY MUTUAL MARINE ASSURANCE COMPANY, LTD., Appellant.

First Department, May 6, 1927.

Trial — new trial — action under marine insurance policies — newly-discovered evidence sufficient to entitle defendants to new trial — reversal of judgments and dismissal of complaints in appeals decided herewith require dismissal of these appeals from orders denying new trial.

In an action on marine insurance policies in which it appears that the boat in question was put up for the winter on mud flats in the Hudson river, the plaintiffs contended and sought to prove that the boat did not fill with water until

about January 24, 1921, and this contention was supported by plaintiffs' chief witness who testified to an inspection of the boat up to January 22, 1921. The defendants produced a check given by the plaintiffs, apparently in payment for services in pumping water from the boat, which check was dated January 5, 1921, but plaintiffs called the payee of the check who testified that the check was given for services rendered in pumping water from the boilers and not from the hull of the boat. The recantation by said witness of his testimony and his subsequent assertion in an affidavit that the check was in payment for services rendered in pumping water from the hull of the boat, which affidavit was supported by the affidavit of another employee and by written evidence, constitutes new evidence sufficient to justify a new trial, for said evidence tended to discredit the testimony of the chief witness for the plaintiffs, to the effect that the boat was free from water until after January twenty-second, tended to establish that the leak occurred prior to the time when there was ice in the river, and also had a direct bearing upon the question whether it was proper to berth the boat on mud flats. There is more than a reasonable probability that the evidence, if believed by the jury, would have resulted in a different verdict.

However, inasmuch as the judgments for the plaintiffs have been reversed on appeals therefrom and the complaints dismissed, appeals from the orders denying defendants' motion for a new trial on the ground of newly discovered evidence are dismissed.

APPEAL by the defendant in each of the above-entitled actions from an order of the Supreme Court, made at the New York Special Term in each action and entered in the office of the clerk of the county of New York on the 27th day of August, 1926, denying defendant's motion for a new trial on the ground of newly-discovered evidence.

*Herbert Barry* of counsel [*Gardner D. Howie* with him on the brief; *Barry, Wainwright, Thacher & Symmers*, attorneys], for the appellants Baltica Insurance Company, Ltd., and others.

*Charles Burlingham* of counsel [*William J. Dean* with him on the brief; *Burlingham, Veeder, Masten & Fearey*, attorneys], for the appellants The Northern Assurance Company, Ltd., and another.

*I. Maurice Wormser* of counsel [*William J. Martin* with him on the brief; *Foley & Martin* and *Joseph P. Nolan*, attorneys], for the respondents.

FINCH, J. These are appeals from denials of motions for new trials upon the ground of newly-discovered evidence.

Upon the trial of the actions in which this court has herewith reversed the judgments and dismissed the complaints (220 App. Div. 434), one of the important issues submitted to the jury was whether the vessel in question had been properly laid up during the winter or whether leaving her in a place where she rested upon the mud at each fall of the tide, subjected her to undue strains which caused damage. Upon this issue the plaintiffs testified that the boat had been inspected from time to time and found to be in good condition and not leaking

up to January 22, 1921, or two days before she was found to be filled with water and sunk. This testimony the defendants were not in a position to contradict. The defendants, however, offered in evidence a book entry and a check of the plaintiff Black Star Line, Inc., dated January 5, 1921, tending to show a pumping out of the boat prior to that date, thus indirectly contradicting the plaintiffs' evidence that the boat had been dry until January twenty-second, and permitting an inference that the boat had been filled with water prior to the admitted filling with water and sinking on January twenty-fourth. The plaintiffs, to meet this testimony, called the indorser of the check, one Tolman, as a witness, and he testified that the pumping for which the payment was made had been done in connection with the pumping out of the boilers of the boat and not of the hull. Subsequently to the trial the aforesaid witness admitted his testimony was erroneous, and made an affidavit that his services and equipment had been employed in an attempt to pump out the hull of the vessel; that the check dated January 5, 1921, had been received in payment for these services and that according to his recollection the pumping was done in November, 1920. He was corroborated by the affidavit of one Remsbecker, an employee, who assisted in the attempt to pump out the hull. This evidence went to the heart of the controversy and vitally affected the cause in three ways: *First,* the testimony tended completely to discredit the chief witnesses for the plaintiffs that they had inspected the boat from time to time and on January twenty-second, and that she was then dry and in good condition. *Second,* it demolished the testimony on the part of the plaintiffs that an ice pack on January twenty-fourth had stove in the boat, for in November or December, being early in the winter, the ice had not yet come down the river. *Third,* this newly-discovered evidence had a direct bearing on the jury issue as to whether the berthing had been at a proper place, for it showed that shortly after the boat was laid up on the mud flat, she began filling with water. This evidence tended strongly to corroborate the testimony of the defendants' expert witnesses to the effect that it was improper to berth the vessel in the mud; that she would be subjected thereby to a strain which would weaken and unlock her fastenings and inevitably result in damage to the vessel. Thus if this evidence on the part of this witness is true — and it is corroborated by another witness and written evidence — the case of the plaintiffs collapses.

The contention of the respondents that the evidence in question could have been discovered before or during the course of the trial by the exercise of reasonable diligence, is completely answered

by the fact that it is not the production of either Tolman or Remsbecker as witnesses on behalf of the defendants that is relied upon as evidence newly discovered, but the changed situation presented. by the recantation of Tolman's testimony at the trial as corroborated by Remsbecker and by the writings. As was said by WOODWARD, J., in *O'Hara* v. *Brooklyn Heights R. R. Co.* (102 App. Div. 398, 400): " The affidavits show that the evidence was discovered after the trial, and that it could not have been obtained before is evident from the fact that it consists in a large measure of an affidavit of one Mary Smith, to the effect that she testified, at the request of the plaintiff, to a state of facts which was untrue upon the trial."

There is, as noted, more than a reasonable probability that the aforesaid evidence, if believed by the jury, would have resulted in a verdict for the defendants,. and hence in the interests of justice the defendants should be afforded an opportunity of presenting said evidence. As was said by McLENNAN, J., in *Kring* v. *N. Y. Central & H. R. R. R. Co.* (45 App. Div. 373): " It may fairly be said that the new evidence is such that, if given and believed, it would probably have changed the result of the trial, and that, therefore, the ends of justice will be promoted by allowing the defendant to present such evidence upon another trial." -

In our opinion this newly-discovered evidence is sufficient to entitle the defendants to a new trial of the actions, and were it not for the reversal of the judgments and the dismissal of the complaints in the appeals decided herewith, the orders appealed from would have been reversed and the motions granted. In the circumstances, however, the appeals should be dismissed, with ten dollars costs and disbursements to the appellants.

DOWLING, P. J., MERRELL, MCAVOY and PROSKAUER, JJ., concur.

Appeals dismissed, with ten dollars costs and disbursements to the appellants.